# KASOWITZ BENSON TORRES LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

JENNIFER S. RECINE
DIRECT DIAL: (212) 506-1916
DIRECT FAX: (212) 500-3416
JRecine@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

June 15, 2021

The Honorable Cathy Seibel
United States District Court
300 Quarropas Street
White Plains, New York 10601-4150

      Re:    *Brooklyn Lender LLC v. 53 Stanhope LLC, et al.*, Case No. 07-21-cv-05177-UA, on appeal from *In re 53 Stanhope, et al.*, Case No. 19-23013

Dear Judge Seibel:

      We represent Appellant Brooklyn Lender LLC ("Brooklyn Lender") in the above-referenced appeal. We write to (i) request that the Court shorten the briefing period for *Brooklyn Lender's Emergency Motion for (I) a Stay of the D&W Order Pending Appeal of the Disallowance Order and the D&W Confirmation Order and (II) an Expedited Briefing Schedule* (the "Motion"), (ii) explain why Brooklyn Lender will be prejudiced if required to comply with the Court's pre-motion conference requirement in accordance with Rule 2.A of this Court's individual rules (the "Individual Rules"), and (iii) request oral argument on the Motion pursuant to Rule 2.D of the Individual Rules.

      As set forth in more detail in the Motion and the accompanying affidavit, on June 9, 2021, the Bankruptcy Court entered an order confirming the D&W Plan[1] (as amended on June 10, 2021, the "D&W Confirmation Order"). Although the D&W Confirmation Order includes a limited 14-day stay of the effectiveness of the D&W Confirmation Order pursuant to Bankruptcy Rule 3020(e), the D&W Plan is likely to be consummated immediately upon the expiration of the 14-period stay period, absent a stay pending appeal. If the Motion is not heard immediately, and prior to the expiration of the 14-day limited stay on June 23, 2021, Brooklyn Lender faces a heightened risk that it will lose its right to prosecute the Pending Appeals, which are likely to be rendered equitably moot by the Debtors' substantial consummation of the D&W Plan.

---

[1]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or the D&W Plan, as applicable.

KASOWITZ BENSON TORRES LLP

The Honorable Cathy Seibel
June 15, 2021
Page 2

  Brooklyn Lender's risk is real because Debtors' counsel and Maguire's counsel have represented to the Bankruptcy Court that they will close on the Maguire Exit Financing Facility within the next two weeks.  Closing on the Maguire Exit Financing Facility will be difficult to unwind after the D&W Plan goes effective, which threatens to have a preclusive and prejudicial effect on Brooklyn Lender's right to have this Court review the merits of Brooklyn Lender's two meritorious appeals.  Additionally, on the Effective Date, distributions of cash and equity interests will be made to various claimants and equity holders instead of Brooklyn Lender as a result of the D&W Confirmation Order.  Once the distributions are made, it will be difficult to fashion effective relief that undoes this harm, in the event that Brooklyn Lender prevails in its appeals.  The unwinding of these transactions will be burdensome and costly, if they can be undone at all.

  Based on the foregoing, Brooklyn Lender respectfully requests that its Motion be processed on an expedited basis so that this matter can be resolved immediately.  Brooklyn Lender requests that the Court order that any response be filed on or before June 17, 2021 and that argument on such motion be scheduled for as soon thereafter as practicable.  Absent entry of a stay, there exists a substantial risk that the D&W Debtors will consummate the Plan, and Brooklyn Lender's appeal may be rendered equitably moot.

  We appreciate the Court's consideration of this matter.

                Sincerely,

                /s/ Jennifer S. Recine
                Jennifer S. Recine